IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| REVENUE BASED FINANCE COALITION,<br><br>*Plaintiff*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and RUSSELL VOUGHT in his official capacity as Acting Director of the Consumer Financial Protection Bureau,<br><br>*Defendants*. | Civil Action No. 1:23-cv-24882-DSL |

**REPLY IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
TO STAY AND HOLD PROCEEDINGS IN ABEYANCE**

Plaintiff Revenue Based Finance Coalition ("RBFC") respectfully submits this Reply in support of its Unopposed Motion to Stay the Section 1071 Rule and Hold Proceedings in Abeyance, ECF No. 72.

At the Court's request, *see* ECF No. 73, the Consumer Financial Protection Bureau ("CFPB") filed a Response to RBFC's motion, supporting the motion and providing reasons why the Court should grant the requested relief, *see* ECF No. 75.  The Bureau emphasized that "two other courts have granted such relief in connection with challenges to the Final Rule at issue in this case," and that new leadership at the agency has "directed staff to initiate a new Section 1071 rulemaking" with an "anticipate[d] . . . Notice of Proposed Rulemaking" to follow "as expeditiously as reasonably possible." *Id.* at 1–2.  The Bureau further explained that staying the Section 1071 Rule and holding this litigation in abeyance would prevent "subjecting similarly situated entities to different compliance dates," would "conserve the Court's resources" in the event this litigation becomes "moot or otherwise resolve[d]," and would "not prejudice any party" given the Bureau's agreement with RBFC's request.  *Id.* at 2.

1

The CFPB's Response confirms the need for a stay of the Section 1071 Rule and supports holding these proceedings in abeyance for the duration of the stay. Specifically, this Court should grant the requested relief under 5 U.S.C. § 705 because RBFC has raised substantial legal claims; the equities weigh heavily in favor of a stay; and RBFC would face irreparable harm in the absence of a stay.

Section 705 of the Administrative Procedure Act ("APA") authorizes the Court to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings" "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury[.]" 5 U.S.C. § 705. In other words, Section 705 "authorizes courts to stay agency action pending judicial review." *Purpose Built Fams. Found., Inc. v. United States*, No. 22-60938-CIV, 2022 WL 6226946, at *2 (S.D. Fla. July 29, 2022) (cleaned up). Such a stay "simply maintains the status quo," and "is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public[,] and when denial of the stay would inflict irreparable injury on the movant." *LabMD, Inc. v. Fed. Trade Comm'n*, 678 F. App'x 816, 819 (11th Cir. 2016) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)); *see also League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022) (similar).

That standard is satisfied here. *First*, RBFC's lawsuit presents not just one, but multiple "serious legal question[s]." *LabMD, Inc.*, 678 F. App'x at 819. Specifically, RBFC alleges that—in regulating sales-based financing for the first time as "credit" under Section 1071—the CFPB exceeded its statutory authority, relied on impermissible considerations, and ignored RBFC's comments, all in violation of the APA. *See* ECF Nos. 23, 33, 74. The CFPB's Response shows that "the issues that this case presents" prompted the Bureau to "initiate a new Section 1071 rulemaking"—an acknowledgment that RBFC's concerns about the Section 1071 Rule have merit. ECF No. 75 at 2. Further, RBFC's challenge drew support from multiple *amici*, including Members of Congress, *see* ECF Nos. 35, 38-1, and RBFC's recently filed Objections show that RBFC has established a substantial case on the merits of its claims, *see* ECF No. 74. Indeed, those Objections show that RBFC is likely to succeed on the merits, but that showing is unnecessary here because the "balance of the equities weighs heavily in favor of granting a stay," such that only a "substantial case on the merits" is required to grant relief under Section 705. *League of*

*Women Voters of Fla.*, 32 F.4th at 1370 (quoting *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

*Second*, as underscored by the CFPB's Response, the equities and the public interest weigh heavily in favor of a stay. *See LabMD, Inc.*, 678 F. App'x at 819; *see also Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1271 (11th Cir. 2020) (balance-of-the-harms and public-interest stay factors "merge when . . . the [G]overnment is the opposing party" (quotation marks and citations omitted)). The CFPB consents to the stay and has clearly stated its position that a stay "would not prejudice any party." ECF No. 75 at 2. The lack of prejudice is particularly apparent from the fact that the Section 1071 Rule's compliance requirements are not yet in force and do not take effect until July 18, 2025—meaning that a stay would preserve a longstanding status quo.

Further, the CFPB has confirmed that it will be initiating a "new Section 1071 rulemaking" that "may moot or otherwise resolve this litigation." *Id.* In other words, the governmental defendant in this case—and the author of the Section 1071 Rule that RBFC has challenged—is not only agreeing to a stay of its own Rule but is actively commencing an agency-level process to *replace* it. Under these circumstances, the public interest favors a stay, both to forestall the enforcement of a legally infirm Rule that is not supported by its implementing agency and to conserve judicial resources. There are also horizontal fairness concerns at play. Courts in every other challenge to the Section 1071 Rule have stayed the Rule's compliance deadlines as to the plaintiffs in those cases,[1] meaning that—absent a stay—RBFC and its members would be the *only* similarly situated plaintiffs still subject to the Rule's compliance deadlines.

*Third*, denying the stay "would inflict irreparable injury on the movant." *LabMD, Inc.*, 678 F. App'x at 819. The Section 1071 Rule's compliance deadlines are rapidly approaching, with the first deadline set for July of this year. Without a stay of those deadlines, RBFC's members will incur substantial and unrecoverable costs in order to prepare for and comply with the Rule's requirements. *See* ECF No. 72 at 4–5. These "unrecoverable costs of compliance constitute irreparable harm" for RBFC. *Georgia v. President of the U.S.*, 46 F.4th 1283, 1302 (11th Cir.

---

[1] *See Tex. Bankers Ass'n v. CFPB*, No. 24-40705, ECF No. 134 (5th Cir. Feb. 7, 2025); *Monticello Banking Co. v. CFPB*, No. 6:23-cv-00148, ECF No. 48 (E.D. Ky. Mar. 11, 2025).

2022); *see also Restaurant Law Center v. U.S. Dep't of Labor*, 66 F.4th 593, 595 (5th Cir. 2023) (unrecoverable compliance costs constitute irreparable harm).[2]

RBFC therefore respectfully requests that the Court stay the Section 1071 Rule's compliance deadlines as to RBFC and its members under 5 U.S.C. § 705.  If (and only if) the Court grants a stay, RBFC also requests that the Court hold these proceedings in abeyance, with periodic status reports every 90 days as the Bureau has suggested.  *See* ECF 75 at 3.

Respectfully submitted,

/s/ Paul F. Hancock

| | |
|---|---|
| Kevin F. King* | Paul F. Hancock |
| Daniel G. Randolph* | paul.hancock@klgates.com |
| MaKade C. Claypool* | Florida Bar No. 140619 |
| COVINGTON & BURLING LLP | Mallory M. Cooney |
| 850 Tenth Street, NW | mallory.cooney@klgates.com |
| Washington, DC 20001-4956 | Florida Bar No. 125659 |
| Tel: (202) 662-6000 | K&L GATES LLP |
| Fax: (202) 662-6291 | 200 S. Biscayne Boulevard, Suite 3900 |
| kking@cov.com | Miami, FL 33131-2399 |
| | Tel: (305) 539-3300 |
| * admitted *pro hac vice* | Fax: (305) 358-7095 |

*Counsel for Plaintiff*
*Revenue Based Finance Coalition*

April 8, 2025

---

[2] RBFC seeks abeyance only if this Court grants a stay of the Section 1071 Rule.  Without a stay, holding these proceedings in abeyance would be prejudicial:  RBFC's members would still be subject to impending compliance deadlines yet unable to continue pursuing legal relief through this litigation.  *See* ECF No. 72 at 6 n.7.

**CERTIFICATE OF SERVICE**

      I hereby certify that, on April 8, 2025, I caused the foregoing motion to be filed with the Clerk of the Court of the United States District Court for the Southern District of Florida using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

April 8, 2025

/s/ *Paul F. Hancock*
Paul F. Hancock
*Counsel for Plaintiff*
*Revenue Based Finance Coalition*