UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-24882-LEIBOWITZ/SANCHEZ

**REVENUE BASED FINANCE COALITION**,

    *Plaintiff*,

v.

**CONSUMER FINANCIAL PROTECTION BUREAU,** *et al.*,

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Unopposed Motion to Stay the Section 1071 Rule and Hold Proceedings in Abeyance (the "Motion") [ECF No. 72], filed on March 13, 2025. The Court considered the Motion [ECF No. 72], Defendants' Response to the Motion [ECF No. 75], the Supplemental Brief of Amici Responsible Business Lending Coalition, Community Reinvestment Alliance of Florida, and Center for Responsible Lending in Opposition to Plaintiff's Motion (the "Amici Brief") [ECF No. 79], and Plaintiff's Response to the Amici Brief [ECF No. 80].

Plaintiff moves the Court to stay the Section 1071 Rule and toll the Rule's compliance deadlines with respect to Plaintiff and its members for the length of time that the Fifth Circuit stay order in *Tex. Bankers Ass'n v. CFPB*, No. 24-40705, ECF No. 134 (5th Cir. Feb. 7, 2025) is in effect, or until further order by the Court. [ECF No. 72 at 6]. Defendants note in response to the Motion that the CFPB anticipates issuing Notice of Proposed Rulemaking as expeditiously as reasonably possible and that because the anticipated rulemaking process may moot or otherwise resolve this litigation, holding this matter in abeyance would conserve the Court's resources. [ECF No. 75 at 2]. Defendants further note that holding the litigation in abeyance would not prejudice any party as

Defendants agree with Plaintiff's requested relief. [*Id.* at 2]. Defendants propose submitting periodic status reports every 90 days during the pendency of the rulemaking and will promptly inform the Court when the rulemaking process is complete. [*Id.* at 3]. Defendants further propose that within 30 days of the issuance of a final rule, the parties must confer and notify the Court of whether and how they wish to proceed. [*Id.*].

Upon review of the record and papers submitted in consideration of the Motion, the Court will grant the Motion. The Court finds that given Defendants' agreement with the requested relief in the Motion, that a stay here is warranted and within the Court's discretion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."). Thus, the Court will stay the Section 1071 Rule and toll the Rule's compliance deadlines with respect to Plaintiff and its members for the length of time that the Fifth Circuit stay order in *Tex. Bankers Ass'n*, No. 24-40705, is in effect, subject to modification at any time by the Court. The parties shall provide status reports to the Court every 60 days on the status of the Fifth Circuit case and the rulemaking process. Upon the stay being lifted in *Tex. Bankers Ass'n*, No. 24-40705, the parties shall notify the Court within seven (7) days and notify the Court on how they wish to proceed.

The Court notes that currently pending are Plaintiff's Motion for Summary Judgment [ECF No. 23], Defendants' Cross-Motion for Summary Judgment [ECF No. 25], Magistrate Judge Sanchez's Report and Recommendation on the Parties' Motions for Summary Judgment (the "R&R") [ECF No. 68], and Plaintiff's Objections to the R&R [ECF No. 74]. Upon the Court staying the case, the Parties' Motions for Summary Judgment [ECF No. 23; ECF No. 25], Judge Sanchez's R&R [ECF No. 68], and Plaintiff's Objections to the R&R [ECF No. 74] are TERMINATED. Upon the stay being lifted

in this action, the Parties' Motions for Summary Judgment, Judge Sanchez's R&R, and Plaintiff's Objections to the R&R will be reinstated.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment [**ECF No. 23**] is **TERMINATED**.

2. Defendants' Cross-Motion for Summary Judgment [**ECF No. 25**] is **TERMINATED**.

3. Magistrate Judge Sanchez's Report and Recommendation [**ECF No. 68**] is **TERMINATED**.

4. Plaintiff's Objections to the R&R [**ECF No. 74**] are **TERMINATED**.

5. Plaintiff's Unopposed Motion to Stay the Section 1071 Rule and Holding Proceedings in Abeyance [**ECF No. 72**] is **GRANTED**.  The Court hereby stays the Section 1071 Rule and tolls the Rule's compliance deadlines with respect to Plaintiff and its members for the length of time that the Fifth Circuit stay order in *Tex. Bankers Ass'n v. CFPB*, No. 24-40705, ECF No. 134 (5th Cir. Feb. 7, 2025), is in effect, subject to modification at any time by the Court.

6. The parties shall provide status reports to the Court every 60 days on the status of the Fifth Circuit case and the rulemaking process.  Upon the stay being lifted in *Tex. Bankers Ass'n*, the parties shall notify the Court within seven (7) days on how they wish to proceed.

7. The Clerk of Court is **DIRECTED** to **STAY** this case pending further order from this Court.

**DONE AND ORDERED** in the Southern District of Florida on May 6, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record